IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JENNIFER WHITED, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO. 1:12CV404-MHT
)
FOREST PHARMACEUTICALS, INC., )
)
Defendant. )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Jennifer Whited is not represented by counsel in this action. Her complaint was filed on May 2, 2012, and is signed by someone other than the plaintiff (the signature is illegible) with the annotation "POA for Jennifer Whited." (Doc. # 1). The filing fee was paid by the law firm of Haynes & Haynes, P.C. (Doc. # 1-1). Haynes & Haynes provided neither service materials nor plaintiff's power of attorney to the Clerk with plaintiff's complaint, but Jenny Smith of that firm advised the Clerk that she would send a copy of plaintiff's power of attorney.

On the following day, the Clerk sent a letter to the plaintiff advising her of the requirement that she serve the defendant within 120 days, and explaining the materials that plaintiff must provide to the Clerk for certified mail service. The Clerk's letter further requested that plaintiff send, by overnight mail, an original signed complaint. (See May 3, 2012 letter, attached to show cause order). The Clerk has not received a complaint signed by the plaintiff or any service materials. On November 8, 2012, the court entered a show

cause order, allowing plaintiff until November 16, 2012, to show cause why this action should not be dismissed pursuant to Fed. R. Civ. P. 4(m) due to plaintiff's failure to effect service on the defendant within 120 days after she filed the complaint and due to plaintiff's failure to provide an original, signed complaint to the Clerk.[1] The court cautioned plaintiff that her failure to comply with the show cause order within the time allowed by the court may result in dismissal of this action. The Clerk provided the show cause order to the plaintiff by both first class mail and certified mail. Plaintiff's deadline has now passed, and plaintiff has not responded to the order.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED without prejudice due to plaintiff's failure to effect service on the defendant within 120 days after she filed the complaint, as required by Fed. R. Civ. P. 4(m), and due to plaintiff's failure to provide the Clerk with a complaint signed by the plaintiff.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before December 3, 2012. Any objections filed must identify specifically the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. See United States v. Schultz, 565 F.3d 1353, 1360 (11th Cir. 2009)(citing

[1] Even assuming that a *pro se* plaintiff may commence an action by filing a complaint signed pursuant to a power of attorney, neither plaintiff nor the law firm have provided the power of attorney to the Clerk.

Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 19th day of November, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE